IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v.   ] | No. 21-CR-304-DLF |
| ] | |
| JASON RIDDLE ] | |
| ] | |

**ASSENTED TO MOTION FOR TERMINATION OF PROBATION**

The defendant, Jason Riddle through undersigned counsel, respectfully moves the Court to terminate probation pursuant to 18 U.S.C. § 3564(c). As grounds for this motion, it is stated:

On November 18, 2021, Mr. Riddle pled guilty to Theft of Government Property in violation of 18 U.S.C. § 641 (Count Three) ("theft") and Parading, Demonstrating or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Five) ("parading"). *Information*, ECF Doc. 8 at 2-3; *Plea Agreement*, ECF Doc. 21 at 1. The theft offense had a maximum sentence of one year imprisonment and was thus a class A misdemeanor. *Plea Agreement* at 1; 18 U.S.C. § 3559(a)(6). The parading offense had a maximum sentence of six months imprisonment, *Plea Agreement* at 2, and was a class B misdemeanor, 18 U.S.C. § 3559(a)(7), and "petty offense." 18 U.S.C. § 19.

On April 8, 2022, the Court sentenced Mr. Riddle on these two counts. *Judgment*, ECF Doc. 36. The Court sentenced Mr. Riddle to ninety days of

imprisonment on the theft offense followed by three years of probation on the parading offense. *Id.* at 2,3.

Mr. Riddle has completed his prison sentence and served one year of the imposed term of probation.[1] He has paid his restitution, been in regular contact with his supervising officer, remained employed, completed his required community service hours, and participated in dozens of counseling sessions through a local mental health treatment provider.[2] Per 18 U.S.C. § 3564(c), the Court may discharge the balance of a probationary term based on the defendant's conduct and where it is in the interest of justice.

Discharging the balance of Mr. Riddle's probation is in the interest of justice. As discussed with the Court at a status hearing held on April 21, 2023, the imposed sentence was inconsistent with 18 USC § 3561(a)(3), which provides that a "defendant who has been found guilty of an offense may be sentenced to a term of probation unless . . . the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." Here, Mr. Riddle was "sentenced to a term of probation" for parading "at the same time" as he was "sentenced . . . to a term of imprisonment for . . . a different offense," the theft offense, "that is not a petty offense." The parties did not recognize this error at the time of

---

[1] Mr. Riddle's term of probation began on August 13, 2022. In addition, United States Probation's pretrial service unit supervised Mr. Riddle from February 2021 until May 2022, or more than one year, under comparable restrictions.

[2] As the Court is aware, *see* ECF Doc. 39, there was a <u>non</u>-criminal, "violation"-level state offense that occurred in November 2022.

sentencing. Although Mr. Riddle could not have been sentenced to probation, per 18 USC § 3583(b)(3), the Court could have ordered one year of post-release supervision by imposing one year of supervised release upon the theft conviction. *See Id.* ("[T]he authorized term[] of supervised release . . . for a misdemeanor (other than a petty offense) [is] not more than one year.").

For the reasons noted above, Mr. Riddle has served the maximum time of supervision authorized by law following his period of incarceration on the theft offense. It is in the interest of justice not to restrict Mr. Riddle's liberty beyond the legally authorized punishment. *See United States v. Coles*, 403 F.3d 764, 767 (D.C. Cir. 2005) ("[I]t is a miscarriage of justice to give a person an illegal sentence that increases his punishment, just as it is to convict an innocent person.") (quoting *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005)). Early termination of probation is warranted by Mr. Riddle's conduct and it is in the interest of justice.[3]

The Government, per AUSA G. Eliopoulos, assents to this motion. United States Probation, via Supervisory United States Probation Officer C. Pingree (District of New Hampshire), takes no position as to this request.

WHEREFORE, Jason Riddle respectfully moves the Court to terminate probation pursuant to 18 U.S.C. § 3564(c) or hold a hearing on the matter.

---

[3] The Defense files for this manner of relief (early termination under 18 U.S.C. § 3564(c)), rather than a motion for amendment of the judgment, as procedural bars may restrict the Court's ability to grant such relief under, for example, Fed. R. Crim P. 35 and 36.

                                      Respectfully submitted,

Dated:  August 21, 2023           */s/  Eric Wolpin*
                                      Eric Wolpin
                                      N.H. Bar #18372
                                      Assistant Federal Public Defender
                                      Eric_Wolpin @fd.org